James J. DOUGHERTY, Administrator of the Estate of Arthur McBeth, deceased, Plaintiff,

v.

A. M. UHRIK, Inc., and A. M. Uhrik, Individually, Defendant and Third-Party Plaintiff,

Dominic A. PINGITORE and Beletz Brothers, Third-Party Defendants.

Civ. A. No. 13759.

United States District Court, E. D. Pennsylvania.

July 3, 1954.

William F. Quinlan, Philadelphia, for plaintiff.

J. B. H. Carter, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant Uhrik.

Henry S. Ambler, Philadelphia, Pa., for Pingitore, third-party defendant.

Bernard I. Shovlin, Philadelphia, Pa., for Beletz Bros., third-party defendant.

KIRKPATRICK, Chief Judge.

Answering the interrogatories making up the special verdict in this case, the jury found that Pingitore was not an independent contractor but an employee of Uhrik and that McBeth's death was caused by the negligence of Uhrik or his employees in failing to guard properly the opening in the floor, by means of a railing.

The evidence as to Pingitore's status on the job, though disputed and in part somewhat equivocal, was quite sufficient

to sustain the verdict. In none of three different applications filed with the City of Philadelphia in connection with permits for the work did Uhrik make any mention of having engaged Pingitore as a contractor but, on the contrary, in each of them described himself as his own contractor. The important matter of degree of control of the manner in which the work was to be done was submitted to the jury under instructions which are not criticized by the defendant.

■■ In support of his motion for a new trial, the defendant assigns as error the court's instructions with regard to the Pennsylvania Statute, 43 P.S. § 25–1 et seq., relating to health and safety requirements in buildings where persons are employed or permitted to work, and the Regulations promulgated by the Department of Industry thereunder. The Court did not, as he might have done, instruct the jury that the absence of a railing was a violation and automatically imposed liability upon Uhrik for the accident. The Court charged as follows: "It doesn't automatically make it negligence not to have a railing but it represents the opinion of an administrative body of the state which is charged with this duty; it represents the opinion of that body as to what is reasonable, proper care under the circumstances and what would be negligence if it isn't followed out. You can take it into consideration on the question of whether the absence of a railing constitutes negligence." This was entirely correct if the Act and Regulations apply to a person in Uhrik's situation, and I think there is no doubt that they do. Uhrik was the owner of the establishment. He was in full control of the premises and, by the finding of the jury, in full control of the manner in which the work was to be done. Through his agent, Pingitore, he arranged with McBeth's employer to bring the latter's employees upon the premises for the prosecution of the work.

An "establishment" is defined as a building, etc., where persons are "employed" or "permitted to work for compensation of any kind to whomever payable". The Act, thus, makes no distinction so far as its benefits are concerned among persons employed in an establishment, between those employed by the owner and those employed by others and invited to the premises to perform work. McBeth was a person "employed" in an "establishment" within the terms of the Act. He was more than a mere business invitee. He was such a person as the Act contemplates and hence within its special protective provisions.

It seems to me that if the Act cannot be considered, at the very least, as an expression of legislative and departmental opinion as to what constitutes due care on the part of the owner of an establishment under such circumstances, it would be nothing but a police regulation with no effect beyond the imposition of a fine for its violation. Such a view would be contrary to the consistent interpretation given to the Act and its predecessor, the Act of 1905, by the courts of Pennsylvania.

The motions are denied.